IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jose Acevedo, Jr., <br>    Plaintiff, <br>    v. <br>Illinois Department of Innovation and Technology, *et al.*, <br>    Defendants. | No. 23-cv-3225 <br><br>Hon. Colleen R. Lawless |

### ILLINOIS DEPARTMENT OF INNOVATION AND TECHNOLOGY'S MOTION TO DISMISS

Defendant Illinois Department of Innovation and Technology (the "Department") moves to dismiss Plaintiff's claims, which are barred by the Eleventh Amendment. In support of this motion, the Department states as follows:

1. Plaintiff Jose Acevedo Jr., a citizen and resident of Illinois, has brought this putative class action against the Department and Progress Software. He alleges that as a result of a vulnerability in Progress' MOVEit file transfer program, an unauthorized third party accessed personal information that was in the possession of the Department. Dkt. No. 1 at ¶ 53.

2. Plaintiff asserts state-law claims against the Department for alleged negligence, negligence *per se*, invasion of privacy, unjust enrichment, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. He requests a declaratory judgment, injunctive relief, and damages.

3. Plaintiff's claims are barred by the Eleventh Amendment, which prohibits suits in federal court against an unconsenting State or state agency regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

4.  The Department is a state agency, see Dkt. No. 1 at ¶ 9, and it has not consented to suit in federal court. Thus, the claims against the Department must be dismissed on Eleventh Amendment grounds. *Id.*; *see also id.* at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); *Sorrentino v. Godinez*, 777 F.3d 410, 415 (7th Cir. 2015) ("federal courts may not entertain suits against states based on state law").

WHEREFORE, for the foregoing reasons, Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed.

Dated: August 3, 2023

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By: */s/ Michael T. Dierkes*
Michael T. Dierkes
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601
(312)814-3672
michael.dierkes@ilag.gov