**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT CUSTOMER SECURITY BREACH LITIGATION** | **MDL DOCKET NO. 3082** |

**PLAINTIFF BRUCE BAILEY'S CONSOLIDATED REPLY IN FURTHER SUPPORT**
**OF MOTION FOR CENTRALIZATION AND TRANSFER OF**
**RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO**
**28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff Bruce Bailey ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Consolidated Reply in Further Support of Transfer and Centralization the District of Minnesota Pursuant to 28 U.S.C. § 1407. The undersigned plaintiff respectfully moves that all Related Actions be transferred to a common jurisdiction, and that the common jurisdiction be the District of Minnesota, where U.S. District Judge Katherine Menendez has the first-filed action in the District of Minnesota.

Since Plaintiff filed his initial Motion to Transfer (*see* ECF No. 1), there are now (as of this writing) 44 Related Actions and Tag-Alongs, representing 11 different federal district courts. There are currently 10 named defendants, now representing insurance companies, banks, educational institutions, and governmental entities who are alleged to use the MOVEit file transfer application that was owned by Defendant Progress Software Corporation ("PSC") and used under license by Defendant Pension Benefit Information, LLC ("PBI"). This number will surely grow, and will encompass additional Tag-Along actions which this Panel will be reviewing for, potentially, years to come. As such, it makes eminent sense to centralize and transfer these actions to a centrally-located jurisdiction, namely the District of Minnesota.

I.   **ARGUMENT**

    A.   **Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407.**

There are currently forty-four Related Actions and Tag-Alongs pending in 11 federal judicial district courts (hereinafter, the "Related Actions") throughout the nation, which now involve ten Defendants, though this number will grow. While not all parties agree with transfer and consolidation, no party to a Related Action contests that all of the Related Actions are centrally related to the May 2023 hack and exfiltration of data from the MOVEit file transfer software. As

this Panel has held numerous times before, "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re T-Mobile 2022 Customer Data Security Breach Litigation*, 2023 WL 3829244 (Mem) at *1 (J.P.M.L., Jun. 2, 2023).

Arguments from Defendant Illinois Department of Innovation and Technology that it possesses "additional legal and factual defenses not available to the corporate defendants" (ECF No. 126 at p. 1) seek an "assessment of the litigation's merits [which] is beyond the Panel's authority. *Id.*at *2. Any judge assigned to this MDL is perfectly capable of deciding motions that will be able to dispositively address the Illinois Department of Innovation and Technology's position as a Defendant.

Similarly, the other oppositions to Plaintiff Bailey's motion (*see* ECF Nos. 130, 140, 141, and 143) all hinge on the question of whether a tag-along action that does not specifically name PSC or PBI may be properly included as Tag-Alongs to this proposed MDL. This Panel focuses on whether or not one or more issues of fact overlap, which all of the Related Actions here clearly do:

> "Although the advocates of separate MDLs have identified certain product-specific issues, Section 1407 does not require a complete identity of factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant when the actions arise from a common factual core. We are confident that the transferee judge can accommodate any issues involving the different products and defendants, including confidentiality and defendant-specific resolutions, in a manner that guarantees the just and efficient resolution of all cases."

*See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1376 (J.P.M.L. 2016)

*See also, In re: fairlife Milk Products Marketing and Sales Practices Litig.*, MDL No. 2909, ECF No. 73, Transfer Order at 1 ("Plaintiff is correct that her allegations differ from those asserted

by plaintiffs in the MDL—she seeks to represent a putative class of purchasers of Fair Oaks' milk products, as opposed to purchasers of fairlife, LLC's milk products. These differences, though, are outweighed by the similarities between Honeycutt and the actions in the MDL.")

As such, this Panel should accord substantial weight to the fact that each of the Related Actions is inherently tied to the May 2023 hack and exfiltration of data from the MOVEit file transfer software rather than the incomplete overlap of all Defendants. Indeed, as PSC itself has noted, only 28 of 43 (then-filed) actions named PSC as a Defendant. *See* ECF No. 142 at 3.

### B.     The District of Minnesota Is The Most Appropriate Transferee Forum.

The Related Actions are now pending in California, Illinois, Louisiana, Maryland, Massachusetts, Minnesota, Nebraska, New Jersey, and Virginia. Minnesota continues to be one of the most centrally located of all these locations, and Minneapolis possesses an international airline hub and is also an international business headquarters, making travel to and from the Twin Cities easy and convenient. Further, the District of Minnesota has extensive MDL experience, with five pending MDLs.

Further, Reuters recently reported that the MOVEit hack now encompasses more than 600 organizations worldwide and have affected more than 40 million people.[1] More troubling, however, cybersecurity experts note, "We are still in the early stages of this," and that "thousands" of companies will likely be ultimately affected.[2] This indicates that there are likely to be many, many more Tag-Alongs filed, and that those will name additional parties to the case not currently contemplated. While PSC and PBI will each have important discovery to provide to the case, so will **all parties**, and these will be geographically distributed around the United States. Indeed, just

---

[1] *See* https://www.reuters.com/technology/moveit-hack-spawned-around-600-breaches-isnt-done-yet-cyber-analysts-2023-08-08/, last accessed August 11, 2023.

[2] *Id.*

the Defendants named to date in the potential MDL so far are headquarted in Massachusetts, Minnesota, Illinois, Nebraska, Maryland, Iowa, and Virginia, not to mention the fact that discovery relating to the Louisiana Office of Motor Vehicles, the Oregon Department of Motor Vehicles, and the CalPERS retirement system will also likely need to take place as those three entities all have persons who used their systems as Plaintiffs.

Key witnesses and documents will be spread across the country in a manner seldom, if ever, seen in previous MDLs. As a result, the Panel should pick a location central to the entire country, namely the District of Minnesota.

Additionally, and as previously stated, the District of Minnesota has one of the least-congested dockets in the country. Judge Katherine Menendez is a highly-respected jurist who, prior to her appointment as a U.S. district judge in 2021, served capably as a U.S. magistrate judge for five years. She is both capable and deserving of steering such a large and complicated MDL.

1.    **CONCLUSION**

For the reasons set forth herein, Plaintiff Bailey respectfully requests that this Panel transfer the Related Actions and Tag-Alongs, as well as all subsequently filed related actions, to the District of Minnesota for coordinated and consolidated pretrial proceedings.

Dated: August 11, 2023                                   Respectfully submitted,

*/s/Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com